UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE COMISSION

                                Plaintiff,                        98 Civ. 2320 (RPP)

             - against -

                                                  **OPINION AND ORDER**

ARJUN SEKHRI, *et al.*

                               Defendants.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       The Securities and Exchange Commission ("SEC" or "Plaintiff") filed a motion on January 4, 2006 for default judgment against the Relief Defendants Mahendar and Sharda Sekhri ("Relief Defendants").[1]

       On or about January 27, 1998, shortly after the SEC served its first subpoena on codefendant Fuad Dow in the investigation that led to the filing of this action, the Relief Defendants left the United States without prior notice to Mahendar Sekhri's employer and returned to their native India, where they have been permanent residents since 1962. Verified Criminal Complaint entitled U.S. v. Mahendar Sekhri and Konrad Ebert, 99 Mag. 1199, dated July 8, 1999 (SEC Bates stamped pages 0138-01450) at 12, in Decl. to Authenticate Copies of Documents ("Verified Complaint").

       On April 1, 1998, in view of Plaintiff's lack of knowledge of the present addresses of Arjun Sekhri or the Relief Defendants, the Court authorized Plaintiff to deliver the summons and complaint to Amolak Sehgal, for service on Arjun Sekhri and

---

[1] Mehendar and Sharda Sekhri are father and mother of Arjun Sekhri, the insider at Salomon Brothers central to the insider trading case. Amolak Sehgal is Arjun Sekhri's father in law.

the Relief Defendants. Temp. Rest. Order issued Apr. 1, 1998 at 7. On February 15, 2006, counsel for Sehgal provided the Court with a letter dated April 7, 1998, addressed to counsel for the SEC, stating that Sehgal was not aware of the location of Arjun Sekhri or the Relief Defendants and could not mail the summons and complaint to the Relief Defendants. Feb. 15, 2006 Fritz Letter. On April 15, 1998, an Amended Complaint was filed and a copy was sent by overnight courier service to Sehgal, c/o Miranda Fritz, Esq., 565 Fifth Avenue, with intended service on the Relief Defendants.

On February 23, 2006, the Court requested that the SEC explain why service of the complaint on Amolak Sehgal was good and effective service on Mehendar and Sharda Sekhri, permitting it to sign the SEC's Motion for Default Judgment against the Relief Defendants. Id., Endorsed by the Court, Feb. 23, 2006.

The SEC, by response dated March 3, 2006, asserts that the Relief Defendants had been provided "notice reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections." SEC Response to Court's February 23, 2006 Order ("SEC Response") at 2-3 (quoting Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988)(and quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950))).

The SEC argues that by a letter to the SEC's North East Regional Office, dated July 1, 2000, Mahendar Sekhri "acknowledged that he had notice the Commission believed he violated the securities laws as alleged in the Complaint in this action and that he had been criminally charged with insider trading." SEC Response at 3. The SEC also points out that in the July 1, 2000 letter, Mahendar Sekhri states that he left the United States in February 1998, shortly after the time when the SEC served its first subpoena on

Fuad Dow in the insider trading investigation that led to the filing of this action on April 1, 1998. Id. The SEC argues that since Mahendar Sekhri has acknowledged notice of the commencement and the filing of the parallel criminal proceeding, these facts must lead to the conclusion that this Court has jurisdiction over the Relief Defendants in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure and with the Due Process requirements of the Constitution. Id.

Successful transmission of the summons and complaint by Sehgal pursuant to the Court's order of April 1, 1998, would have apprised the Relief Defendants of the pendency of the civil action brought against them. S.E.C. v. Unifund Sal, 910 F.2d 1028, 1033 (2d Cir. 1990). The SEC was notified by letter dated April 7, 1998 that Sehgal had not made such a transmission, and has made no additional attempt to effect service of process on the Relief Defendants. The mere fact that Mahendar Sekhri has acknowledged conduct in the United States indicative of his scienter, namely by supplying a German friend residing in Switzerland with funds to purchase in the friend's name but for Defendant's benefit stocks traded on the American Stock Exchange, and that Mahendar Sekhri has been aware since May 1999 of the nature of the criminal complaint against him, is not enough to amount to proper notice of the SEC's companion civil proceeding. Id. As a layman and a foreigner, Sekhri cannot be expected to know that, when the SEC causes the filing of a criminal action for insider trading, the SEC's normal practice is to file a companion civil proceeding seeking damages. Nor does his letter of July 1, 2000 show that he had timely notice of the civil proceeding. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 710 (Brennan, J.,

concurring). Furthermore, when the SEC received notice of Mahendar Sekhri's new address contained in his July 1, 2000 letter, it failed to serve him in this proceeding.

Under these facts, the Motion for Default Judgment against the Relief Defendants is denied for Plaintiff's failure to make proper service of process on them. This case is closed.

IT IS SO ORDERED.

Dated: New York, New York
August 2, 2006

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion and Order sent to:

*Counsel for the Petitioner*
Kenneth J. Guido
U.S. Securities and Exchange Commission
100 F. Street, N.E.
Washington, DC 20539-4030
Tel: 202-551-4480
Fax: 202-772-9245

*Relief Defendants*
Mahendar and Sharda Sekhri
69, Anand Park
Poona – 411007
INDIA
Tel: 091-20-5885080

4